YATES, Presiding Judge,
dissenting.
The parties divorced in 1993. They agreed that the husband would pay $2,500 *915 per month in child support for the two minor children born of the marriage. In 1995, the husband received $2,400,000 from the sale of his shares in a business; according to his testimony, his net profit from the sale was $1,800,000. He testified that he invested the money in mutual funds and annuities. He owns a rental house worth $180,000, from which he receives net income of $1,100 per month. The husband has not worked since October 1998, when he voluntarily quit his $150,000 per year job. He recently built a 6,000-square-foot home with a five-car garage on a lot for which he paid $75,000; he owes $675,000 on a construction loan. He and his new wife have a monthly budget of over $15,000 per month. The husband paid $28,000 for a new Ford Mustang automobile for his stepson, and he had customized hubcaps installed on the vehicle for $3,100. The husband paid cash for his BMW automobile. At the time of trial, he was paying $716 per month for a new Lincoln Navigator sport-utility vehicle, which had a purchase price of $48,000 minus the trade-in value of a 1999 Jeep vehicle for which he had paid $38,000 cash.
The wife’s income has increased since the time of the divorce in 1993. Before the divorce, the wife had been a partner in a real estate business. After the divorce, the business grew and she bought out her partner for $1,250,000, for which she still owes $300,000 to $350,000. Her income in 1999 was $360,000, and in 2000 it was $240,000. The children attend private school, for which the wife paid their tuition of $8,000 to $10,000 per year. The husband produced no evidence that the needs of the two minor children had decreased since the divorce in 1993.
It appears to me that the 45-year-old husband is voluntarily unemployed. He wants a decrease in his child-support obligation because of a downturn in the stock market, yet he is able to maintain a lifestyle for himself and new wife that includes a monthly budget of $15,000. I believe that under the facts of this case, the trial court abused its discretion in reducing the husband’s child support from $2,500 to $1,500.
THOMPSON, J., concurs.